# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

REBECCA SPEARS, )
           Plaintiff, )
v. ) No. 07-5094-SSA-CV-SW-WAK
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
           Defendant. )

## ORDER

Claimant Rebecca A. Spears seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. The period at issue for this appeal is February 11, 2004, to January 26, 2006. The parties' briefs were fully submitted, and on July 15, 2008, an oral argument was held.

### Standard of Review

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Claimant Rebecca Spears was born in 1953. She completed the ninth grade and has not obtained a high school diploma or a GED. She worked as a sewing machine operator before allegedly becoming disabled on February 11, 2004, when she took medical leave from her employer. Spears claims disability due to fibromyalgia, osteoarthritis and depression. The Administrative Law Judge (ALJ) found her medical conditions to include: fibromyalgia, osteoporosis, osteoarthritis, chronic fatigue, cervical and lumbar generative disc disease, depression and anxiety.

Spears lives with her husband and does daily light housekeeping (which she reports takes longer due to the pain), such as vacuuming, dishes, making the bed, and cooking a simple evening meal. Spears also sometimes uses the checkbook to pay bills. Spears drives about four to five times a month, and grocery shops or shops once or twice a month. Spears

2

states she drives to her mother's house 25 miles away about twice per month. Spears states she is in pain, and doesn't sleep well, cannot think very well, suffers from depression, doesn't feel like going anywhere, doesn't care about being around people, and sometimes needs reminders on things.

The administrative record does not contain a medical source statement from a treating physician or a functional capacity assessment by an acceptable medical source. The only opinion from a medical source is that of Judith Keeton, R.N., who states in a letter dated July 26, 2005, that Spears "has been diagnosed with Fibromyalgia, Osteoporosis, Osteoarthritis, Depression, Hypertension, and Hyperlipidemia, and is unable to work due to severe limitations on physical capacity, mental neurological impairment due to confusion, forgetfulness, and depression." (Tr. 254.)

Spears asserts the ALJ erred in that he did not apply the appropriate legal standards in assessing her fibromyalgia, and that his determination of her credibility and analysis of her depression and anxiety are not supported by substantial evidence. Spears further asserts that the Appeals Council failed to give meaningful consideration to the new evidence submitted which reflects upon the seriousness of claimant's psychological impairments.

It is the ALJ's function to assess the available evidence, make credibility findings and assign a residual functional capacity. The ALJ's determination of residual functional capacity, however, must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001).

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at

605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

After carefully reviewing the evidence, the court does not find the ALJ's determination that plaintiff had the residual functional capacity to perform light work, including her previous past relevant work as a sewing machine operator, as it was usually performed, is supported by substantial evidence on the record as a whole. Spears had a good work history (substantial earnings and a long-term employer) and documented physical problems, including doctor-documented fibromyalgia. The administrative record lacks evidence from a consultative physician who examined plaintiff or performed a records review. No adverse inference is to be drawn from a failure of plaintiff's treating physicians to provide an MSR. The ALJ appears to have substituted his opinion for that of the medical professionals of record. A medical opinion needs to be obtained.

The current administrative record in this case is not sufficiently developed for the court to reverse and award benefits. This case is, therefore, remanded for further development of the record to include either a physical evaluation consult, or at least a medical review of Spears' records, and for further consideration to determine whether plaintiff is entitled to benefits under the Act.

Accordingly,

IT IS ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to Sentence 4, for further consideration and development of the record.

Dated this 23rd day of July, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge